38 C.C.P.A. (Patents)

## WHEELER v. LINTON.
### Patent Appeals No. 5741.

United States Court of Customs
and Patent Appeals.

Jan. 16, 1951.

Corbett, Mahoney & Miller, Columbus, Ohio (John J. Mahoney, Columbus, Ohio, of counsel), for appellant.

Ulle C. Linton, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

This is an appeal in an interference proceeding from a decision of the Board of Interference Examiners, awarding to appellee priority of invention of the subject matter embraced within two counts which originated in his application.

The counts read as follows:

"1. An illuminated plastic switch plate molded in one unitary piece of plastic material comprising a body portion having an opening extending therethrough for receiving the knob of the switch, a shell formed with said body portion and extending from the outer face thereof above the opening extending therethrough, said shell having a lamp receiving cavity formed therein, said lamp receiving cavity being opened from the rear face of said body portion, means for closing the opening of said lamp

receiving cavity and said shell being translucent whereby rays of light may extend therethrough and be emitted down towards the opening extending through said body portion.

"2. An illuminated plastic switch plate molded in one unitary piece of plastic material comprising a rectangularly shaped body portion having an opening extending therethrough for receiving the knob of the switch, a shell formed with said body portion and extending from the outer face thereof, said shell being positioned adjacent the upper end of said body portion and above the opening therein which receives the knob of the switch, said shell having a rectangularly shaped cavity formed therein and extending hoizontally across the outer face of said body portion, the outer wall of said shell being molded without an opening therein and being sufficiently translucent as to permit light rays to extend therethrough and emit down upon the outer face of said body portion, the rear face of said body portion having a rectangular opening therein communicating with the cavity formed within said shell and means for closing said opening within the rear face of said body portion."

The interference as declared included a third party who was eliminated for the reason that he failed to overcome the filing dates of the present parties.

Two applications are involved herein: that of appellant, serial No. 578,691, filed February 19, 1945, "For Electrically Lighted Wall Switch-Plate," and an application of appellee, serial No. 558,054, filed October 10, 1944, "For Cover Plate For Electrical Outlets."

In his preliminary statement appellant alleges that the first drawing and written description of the invention were made on or about March 20, 1944; that it was explained to others on or about that date; that a full sized model of the device defined by the counts was constructed April 1, 1944; and was then first successfully operated. It is also alleged that reasonable diligence in adapting and perfecting the invention was begun about March 1, 1944.

In the preliminary statement of appellee it is alleged that drawings of the device and disclosure to others were made on or about April 2, 1940; first written description thereof on or about May 3, 1940; Patent Office drawings illustrating the device May 1, 1940; preparation of application papers for patent duly executed on May 23, 1940; reduction to practice on or about May 18, 1940; and the exercise of reasonable dilligence from on or about April 2, 1940.

The subject matter defined by the counts is an electric switch cover plate of plastic, with a housing positioned above the opening for the switch arm. In the housing, which has light transmitting properties, are placed a small neon bulb and a resistor connected in series with the terminals of the switch, but in parallel to said switch, which is covered by the plate. When the switch is open, the electric current passes through the lamp and resistor causing a faint light to be emitted through the covering or housing. Upon closing the switch, the current by-passes the lamp and resistor, thereby extinguishing the light from the bulb.

The purpose of the switch plate is to indicate its position, particularly on a wall switch, so that in a dark room its position may be seen. The bulb itself, being encased behind the housing, may not be seen and can be reached only from the back of the plate.

Appellant, being the junior party, has the burden of proving priority of invention by a preponderance of the evidence.

Both parties took testimony, filed briefs, and were represented at the final hearing.

It was admitted by counsel for appellant that appellee made an actual reduction to practice of the structure defined by the counts on June 1, 1940. On that date, a switch plate, which meets the limitations of the counts, was installed at the farm of the factory superintendent of a corporation of appellee, and on that date, in the presence of witnesses, the device was successfully operated. Therefore, there can be no question that appellee, as was held

by the Board of Interference Examiners, is entitled to conception and reduction of the invention as early at least as June 1, 1940. It may be noted that that date is about four years prior to the earliest date claimed by appellant.

It is contended by counsel for appellant that appellee should not have been awarded priority because he had concealed and suppressed his invention until spurred into activity by appellant coming into the field and placing the invention before the public prior to the filing date of appellee's application.

In support of that contention, counsel rely on the doctrine enunciated in the case of Mason v. Hepburn, 13 App.D.C. 86. We are convinced, as was the Board of Interference Examiners, that that case has no application to the facts appearing herein. There, it appears that a detachable end piece was connected to the magazine of a gun, and after that combination had been constructed by Mason and adapted for use it was stored away and apparently forgotten for several years. During that time the same inventor took out a patent for a magazine gun and one for a gun clip. The old device, apparently forgotten, was recalled to his memory by the publication of the patent to appellee Hepburn, dated September 11, 1894, upon an application filed April 3, 1894. The application of appellant was filed December 31, 1894.

■ The facts in the instant case amply demonstrate that appellee made his device and reduced it to practice by having it attached to the outer side of a brooder house upon the said superintendent's poultry farm. The house on the farm was situated about 200 feet from the highway and the brooder house or barn about 100 feet behind the house. It may be true that the light of the switch would not be visible from either the home or from the public highway. However, it appears that customers were coming and going every day to the farm to buy eggs and poultry and could see it in operation. As a matter of fact, the original wall switch plate is still in its first position and in use. For the reason that the small lamp that was installed in the

device was new, its length of life was not known. Neither was it known whether the thin plastic wall of the lamp housing would be serviceable for its intended purpose. The fact that appellee exposed his device as he did, in order to determine what the reasonable life of those elements might be, should not prejudice his rights. It seems reasonable to us that before filing an application for a patent an applicant should first determine the utility and practicality of his structure. Frey v. Wagner, 87 F. 2d 212, 24 C.C.P.A., Patents, 823.

■ While it is true that appellee might have filed his application long before he did, nevertheless, intention to suppress, conceal, or abandon cannot be presumed from mere lapse of time. Rhinevault v. Pfiester, 65 F.2d 161, 20 C.C.P.A., Patents, 1112.

It appears that appellant placed advertisements of his device in various magazines, the earliest of which is dated August 18, 1944, and subsequently like advertisements appeared in September and October of that year. Counsel for appellant contend that knowledge of those advertisements spurred appellee into activity. It does not appear that appellee had any knowledge of those advertisements prior to the filing of his application. Furthermore, it appears that appellee instructed the factory superintendent of his corporation, on January 1, 1944, to assemble about 50 wall switch plates from a lot of 100, all of which were made in accordance with the limitations of the counts, and distribute them among his friends. That distribution was made and later appellee placed an order for 25,000 wall switch plates of the same kind with a Pittsburgh firm. The order was not filled until after the close of the war, but such delay, in our opinion, in view of the circumstances herein, is immaterial.

■ The Board of Interference Examiners made no error in its award of priority to appellee. There is no evidence of suppression, concealment, or abandonment on behalf of appellee and in our opinion he not only did not suppress his invention, but was vigorously engaged in

promoting it at the time the advertisements appeared. Rhinevault v. Pfiester, supra; Bayer v. Rice, 64 App.D.C. 107, 75 F.2d 238.

For the reasons hereinbefore set out, the decision of the Board of Interference Examiners is affirmed.

Affirmed.

WORLEY, J., concurs in the conclusion.